IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **GARY STADING,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. _____ |
| **TEXAS A&M UNIVERSITY –** | § | |
| **TEXARKANA, TEXAS A&M** | § | |
| **UNIVERSITY PRESIDENT EMILY** | § | |
| **CUTRER, an Individual, and TEXAS** | § | |
| **A&M UNIVERSITY PROVOST AND** | § | |
| **VICE PRESIDENT MELINDA ARNOLD,** | § | |
| an Individual, | § | |
| | § | |
| Defendants. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW** Plaintiff Dr. Gary Stading ("Stading"), by and through undersigned counsel, and in support of his causes of action alleges as follows:

## PARTIES

1. Plaintiff is an individual citizen of the State of Texas.

2. Defendant Texas A&M University – Texarkana ("TAMUT") is a domestic non-profit corporation organized and existing under the laws of the State of Texas with its principal place of business located in College Station, Texas. Defendant also does business in Texarkana by virtue of having a university campus in Texarkana.

3. Defendant Emily Cutrer ("Cutrer") is an individual, and was the President of Defendant Texas A&M University – Texarkana at the time of the events described herein. As President, Cutrer was the highest-ranking employee at Defendant Texas A&M University - Texarkana.

4. Defendant Melinda Arnold ("Arnold") is an individual, and the Provost and Vice President for Academic Affairs of Defendant Texas A&M University – Texarkana.

## JURISDICTION AND VENUE

5.  This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq* and United States Code, Title 42, § 1981 *et seq*. Plaintiff's claim against Defendants as state actors arises under United States Code, Title 42, § 1983.

6.  Venue properly lies in this Court because all acts and omissions giving rise to this claim (specifically the employment decisions addressed herein) took place in Bowie County, Texas, which is in the District and Division in which suit has been filed.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.  All conditions precedent to the institution of this suit have been fulfilled and Plaintiff has satisfied all jurisdictional prerequisites to the maintenance of this action. On January 23, 2022, Stading filed a Charge of Discrimination with the Equal Employment Opportunity Commission (Charge No. 450-2022-02268). That Charge was amended to Charge No. 450-2023-04179. *See Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008) (holding filing of a request for agency action is sufficient to qualify as a Charge of Discrimination). *See also Edelman v. Lynchburg College*, 535 U.S. 106 (2002) (holding that Charge may be verified after expiration of 300-day statute of limitations to file a Charge).

## FACTS AND GENERAL ALLEGATIONS

Overview

8.  TAMUT is a public state university system.

9.  At all times relevant to this action, Cutrer served as the President of TAMUT and is now retired.

10. At all times relevant to this action, Arnold served and continues to serve as Provost and Vice President of TAMUT.

11. As President, Cutrer oversaw TAMUT's administration, serving as the highest ranking official of the University.

12. In the wake of national and campus-wide unrest related to race relations, Cutrer undertook a campaign to remake TAMUT's demographics.

13. While a laudable goal to ensure TAMUT's administration reflected the demographics of the larger society and TAMUT's student and overall employee population, Cutrer's campaign violated the federally-protected rights of TAMUT's existing administrators.

14. In particular, Stading served as the Dean of TAMUT's College of Business, Engineering, and Technology.

15. In July 2021, Cutrer and Arnold decided to replace Stading as Dean, despite Stading having an excellent record of achievement and success in his role.

16. At Stading's dismissal meeting, Arnold provided Stading a pre-written resignation and informed Stading that he would be involuntarily dismissed from his role as Dean if he did not resign.

17. Stading refused to resign and Arnold terminated his position as Dean.

18. In April 2021, however, Stading's most recent written performance review from Cutrer indicated he met or exceeded expectations for his role.

19. Furthermore, in his June 2021 verbal performance review from Arnold, Stading similarly received no indication that his performance did not meet the University's expectations.

20. The only thing that did not meet Cutrer's and Arnold's expectations was Stading's race, White.

21. Defendants replaced Stading with an South Asian female.

22. But-for his race, Stading would have continued in his role as Dean until his retirement.

# CAUSES OF ACTION

### Cause of Action No. 1:  Race Discrimination
### in violation of 42 USC Secs. 1981 and 1983
### (ALL DEFENDANTS)

23. Stading reasserts and, by this reference, incorporates the allegations contained in paragraphs 1 through 22, above, as if fully set forth herein.

24. Stading has been subjected to unequal treatment, specifically dismissal from his position as Dean, in his work with the TAMUT.

25. Such discriminatory behavior has been the result of racial bias and discrimination at TAMUT, specifically by Defendants Cutrer and Arnold.

26. But-for Stading's race, his dismissal would not have occurred.

27. As a result of Defendants' actions, Stading suffered and continues to suffer damages and Stading hereby sues.

28. Stading further seeks his attorneys' fees incurred in bringing this action.

### Cause of Action No. 2: Violation of Title VII
### (TAMUT ONLY)

29. Stading reasserts and by this reference incorporate the allegations contained in Paragraphs 1 through 22, above, as if fully set forth herein.

30. Stading has been subjected to unequal treatment, specifically dismissal from his position as Dean, in his work with the TAMUT.

31. Such discriminatory behavior has been the result of racial bias and discrimination at TAMUT.

32. As a result of Defendant TAMUT's actions, Stading suffered and continues to suffer damages and Stading hereby sues.

33. Stading further seeks his attorneys' fees incurred in bringing this action.

## JURY TRIAL DEMAND

34. Stading demands a trial by jury on all issues of facts and damages raised in this case pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, cause having been shown, Plaintiff Dr. Gary Stading respectfully requests that, upon final hearing, the Court award him judgment against Defendants for:

a. Back pay and front pay in a precise amount to be determined by the jury;

b. Compensatory damages against Defendants as a consequence of Defendant's unlawful actions, in a precise amount to be determined by the jury;

c. Actual damages;

d. Prejudgment and post-judgment interest;

e. Reasonable attorneys' fees, expenses and costs, as specifically authorized by statute, to be calculated by the Court pursuant to the established procedures and precedents; and

f. Such other relief as the Court shall deem just and proper.

Respectfully submitted,

Michael E. Coles
State Bar No. 24007025
mikec@colesfirm.com
**THE COLES FIRM, PC**
4925 Greenville Avenue
Suite 200
Dallas, Texas 75202
(214) 443-7860 (Telephone)
(972) 692-7145 (Facsimile)

*Of Counsel:*

**THE LAMBERSON LAW FIRM PC**
6333 East Mockingbird Lane
Suite 147-524
Dallas, Texas 75214
(214) 320-2894 (Telephone)
(214) 602-5796 (Facsimile)

By: _____
Elizabeth Aten Lamberson, Lead Attorney
State Bar No. 24027044
lizl@colesfirm.com

**ATTORNEYS FOR PLAINTIFF**