IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| GARY STADING § | |
| § | |
| v. § | |
| § | Case No. 5:24-CV-00066-JRG-JBB |
| TEXAS A&M UNIVERSITY– § | |
| TEXARKANA, EMILY CUTRER, and § | |
| MELINDA ROSEMARY ARNOLD § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge J. Boone Baxter pursuant to 28 U.S.C. § 636. The February 18, 2025 Report and Recommendation of the Magistrate Judge (Docket No. 30) which contains his proposed findings of fact and recommendations for the disposition of Defendants' Rule 12(b)(1) and 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint (Docket No. 17) has been presented for consideration. The Magistrate Judge recommends the motion be granted in part and denied in part as follows.

Regarding Plaintiff Gary Stading's claims against Individual Defendants in their official capacities, the Magistrate Judge recommends the motion pursuant to Rule 12(b)(1) as to any monetary claims be granted, but the Rule 12(b)(1) motion as to any claims for prospective relief be denied without prejudice. Regarding Stading's claims against Individual Defendants in their individual capacities, the Magistrate Judge recommends the Rule 12(b)(6) motion to dismiss based on qualified immunity be denied without prejudice to refiling. The Magistrate Judge further recommends the remainder of the Rule 12(b)(6) motion be denied, including Stading's claims against Texas A&M University – Texarkana ("TAMUT").

No objections to the Report and Recommendation were filed. Because no objections have been filed, any aggrieved party is barred from *de novo* review by the District Court of the Magistrate Judge's findings, conclusions, and recommendations; and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *See Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, Case No. 4:21-CV-00203-RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021).

The Court has reviewed the pleadings in this case and the Report of the Magistrate Judge. Upon such review, the Court has determined the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989) (where no objections to a Magistrate Judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). Accordingly, it is

**ORDERED** that Defendants' Rule 12(b)(1) and 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint (Docket No. 17) is **GRANTED IN PART and DENIED IN PART**. It is further

**ORDERED** that Defendants' Rule 12(b)(1) motion to dismiss is granted to the extent Stading is attempting to seek monetary damages against Individual Defendants in their official capacities. Such relief is barred by sovereign immunity, and the Court therefore lacks subject matter jurisdiction over any such claims. It is further

**ORDERED** that Defendants' Rule 12(b)(1) motion to dismiss any prospective claims for relief against Individual Defendants in their official capacities is denied without prejudice to refiling in order to allow Stading the opportunity to amend to more clearly request prospective relief and to allege sufficient facts, to the extent that he can, plausibly alleging that Emily Cutrer

and/or Melinda Arnold have the authority to reinstate his position as Dean of the College of Business, Engineering and Technology, or if warranted, to seek leave to add the appropriate parties. Any amended complaint must be filed within **thirty days** from the date of entry of this Order. It is further

ORDERED that Defendants' Rule 12(b)(6) motion to dismiss Stading's claims against Individual Defendants in their individual capacities based on qualified immunity is denied without prejudice to refiling in order to allow Stading the opportunity to amend with sufficient facts, to the extent that he can, alleging Emily Cutrer and Melinda Arnold violated his rights in a way that each individual should have known was unlawful and in such a manner that would overcome Individual Defendants' defense of qualified immunity. Any amended complaint must be filed within **thirty days** from the date of entry of this Order. Finally, it is

ORDERED that the remainder of Defendants' Rule 12(b)(6) motion is denied.

**So Ordered this**

**Mar 6, 2025**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE